Case: 2:15-cv-01140-PGR--JFM    Document #: 6-1    Date Filed: 07/27/2015    Page 17 of 22

O R I G I N A L

Mr. Dennis Hernandez # 097522
_Name and Prisoner/Booking Number_
ASPC-Yuma / Cibola Unit
_Place of Confinement_
P. D. Box- 8909
_Mailing Address_
San Luis, Arizona 85349
_City, State, Zip Code_

(Failure to notify the Court of your change of address may result in dismissal of this action.)

☑ FILED ____ LODGED
☑ RECEIVED ___ COPY

AUG 3 1 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

Dennis Hernandez,
_(Full Name of Plaintiff)_          Plaintiff,

vs.

(1) Phoenix Police Dept,
_(Full Name of Defendant)_
(2) Officer Kristopher Beetz, P.P.D.,
(3) Officer Christopher Mankin, P.P.D.,
(4) Officer J. Smith, P.P.D.,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. CV-15-01140-PHX-PGR JFM.
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☑ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
   ☐ Other: _____ N/A _____

2. Institution/city where violation occurred: 16th. St. East Cleveland Ave. Phoenix, Arizona

550/555

## B. DEFENDANTS

1. Name of first Defendant: _Officer Kristopher Beetz #9019_ The first Defendant is employed as:
_Phoenix Police Patrol Officer_ at _620 West Washington Phoenix_
(Position and Title)                                    (Institution)

2. Name of second Defendant: _Officer Christopher Maulin *8949_ The second Defendant is employed as:
_Phoenix Police Patrol Officer_ at _620 West Washington, Phoenix_
(Position and Title)                                    (Institution)

3. Name of third Defendant: _Officer J.Smith #8058_ . The third Defendant is employed as:
_Phoenix Police Patrol Officer_ at _620 West. Washington St. Phoenix_ .
(Position and Title)                                    (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____ at _____
(Position and Title)                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?  ☐ Yes   ☒ No

2. If yes, how many lawsuits have you filed? _N/A_ . Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _N/A_ v. _N/A_
      2. Court and case number: _N/A_
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _N/A_
         _N/A_

   b. Second prior lawsuit:
      1. Parties: _N/A_ v. _____
      2. Court and case number: _N/A_
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _N/A_
         _N/A_

   c. Third prior lawsuit:
      1. Parties: _N/A_ v. _____
      2. Court and case number: _N/A_
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _N/A_
         _N/A_

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: United States Constitutional 4th. Amendment " Cruel and Unusual Punishment Seizure" Arrest with Excessive Force Used by Police Officers Violation.

2. Count I. Identify the issue involved. Check only one. State additional issues in separate counts.

☐ Basic necessities        ☐ Mail              ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings ☐ Property          ☐ Exercise of religion     ☐ Retaliation
☒ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

I

That on September, 17th, 2014, this plaintiff was Intentionally Assaulted by Patrol Officer's Employee's of the City Of Phoenix Police Dept.

II

That while being arrested on an Outstanding Misdemeanor Warrant", that this plaintiff "was NEEDLESSLY and without cause "assaulted and brutilized by defendant's Officer Beetz and Officer Mankin.

III

That this plaintiff " without provocation" was by the two (2) Phoenix Police Patrol Officer's defendant(s) Beetz and defendant Mankin " UNREASONABLY seized" and assaulted.

IV

That on September, 17th, 2014, defendant(s) Officer Beetz, and Officer Mankin assaulted this plaintiff while he was Cuffed.

( SEE - Supplement Pages attached )

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). Plaintiff suffered a Fractured No. 10th. Rib on the Left side of his body and endured severe pain until he was able to be treated six (6) days later in the County Jail.

5. **Administrative Remedies:**

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                        ☐ Yes ☒ No

   b. Did you submit a request for administrative relief on Count I?          ☐ Yes ☐ No

   c. Did you appeal your request for relief on Count I to the highest level?  ☐ Yes ☐ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Plaintiff Filed the required ARS - §12-824 Notice of Claim.

3

## V

That plaintiff Hernandez was already on the ground and subdued in handcuffs when defendant Officer Beetz getting up from beside plaintiff intentionally "Knee'd" plaintiff in Ribs on the left side of his body while he was laying face-down.

## VI

That defendant Beetz "called plaintiff a fuck-ass" after he "Knee'd" plaintiff and then stood up brushing the dirt from his trouser uniform.

## VII

That defendant Officer Mankin was still Kneeling with his knee on plaintiff top-right side of his shoulder-blade holding plaintiff to the ground when defendant Beetz "on the other side of plaintiff "Knee'd" plaintiff in the left rib.

## VIII

That when this plaintiff yelled-out in pain trying to get neighbor's attention, defendant Officer Mankin reached down and began shoving dirt and gravel with grass particles into plaintiff mouth to muffle plaintiff's out-cry's of pain and for help.

( 4 )

## IX

That it was at that point that defendant J. Smith reached down and said "Hey Man", pulling defendant Officer Maukin off of, and away from this plaintiff who was still on the ground in pain "Now spitting diet and grass from his mouth.

## X

That these events extended from an alleged investigation by Sargent J. Roberts who allegedly contacted these defendant's (Officer's) at the "24-X Neighborhood Enforcement Team" to assist in the follow-up of an alleged Home Invasion where plaintiff's name allegedly surfaced during the investigation.

## XI

The defendant's allege their intent was to watch plaintiff's residence on South 16th Place in the 5800 block and to arrest plaintiff on a Misdemeanor Warrant allowing them to continue their investigation on the Home Invasion matter.

## XII

That after surveilling plaintiff's Residence, Officer's observed plaintiff exit the 5800 Block of South 16th Place

(5)

Residence and climb into the driver's seat of a White S.U.V. With Two (2) females and drive off.

### XIV

That after following plaintiff out of the Neighborhood for a few blocks, plaintiff sped back towards his residence and eventually crashed the S.U.V. into a Neighbor's fence.

### XV

That after crashing the S.U.V. into the Fence, plaintiff bailed from the vehicle on foot running past Officer J. Smith's vehicle prompting Smith to Exit his vehicle and give chase.

### XVI

That defendant Smith chased petitioner down and both of the fell to the ground.

### XVII

That defendant Smith had already Rolled plaintiff onto his stomach and was in the process of cuffing "a Non-Resistant" plaintiff behind his back When defendant(s) Beetz and Mankin arrived on foot to assist.

(6)

## XVIII

That upon defendant's Beetz and Mankin's arrival, defendant Mankin immediately dropped "Knee-first onto plaintiff's shoulder" with his Knee at the "crook of plaintiff's shoulder and neck on plaintiff's right side.

## XIX

That plaintiff then heard one of the defendant Officer's say "You like running away from the Po's-Po's, huh?"

## XX

That after defendant Smith finished cuffing plaintiff he stood up and left plaintiff in the care of defendant's Beetz and Mankin who both were still angry because they had to chase this petitioner down the alleyway but couldn't catch him.

## XXI

That "both" defendant(s) Beetz and Mankin's anger was made obvious to plaintiff by the manner in which both Beetz and Mankin "rough-handled" plaintiff as they rolled plaintiff from side to side checking his pockets for contraband.

(7)

## XXII

That it was immediately following the person check of this plaintiff when defendant Beetz "kneed" plaintiff in the left rib and called plaintiff a "fuck-ass".

## XXIII

That it was also immediately following defendant Beetz's assault on this plaintiff that defendant Mankin began shoving Earth into this plaintiff's "mouth and face" to stifle plaintiff's cry's for help to neighbors who were on the outside on 116th. Place about 100-yards away.

## XXIV

That these defendant's actions violated plaintiff Hernandez's Fourth (4th) Amendment Guaranteed Protected Right against an seizure arrest that includes "unprovoked excessive force during the execution of that arrest.

## XXV

That defendant(s) Beetz and Mankin excessive force assault upon plaintiff after he was cuffed and subdued amounted to unwarranted excessive force after his arrest in violation of the Fourth Amendment of the U.S. Constitution.     (8)

## XXVI

That the physical assault(s) inflicted upon plaintiff by Officer Beetz and Mankin while arresting this plaintiff amounts to "an unreasonable seizure" which is the doctrine that governs claims of excessive force made by persons who have yet to become a pretrixl detainee but was arrested such as this plaintiff.

## XXVII

That Officer Beetz and Mankins physical assault on plaintiff after he was handcuffed and subdued was objectively unreasonable in light of the facts and circumstances confronting "both" defendants at the time of their actions.

## XXVIII

That on September, 17th, 2014 while on duty as Phoenix Police Officer's "both" Officer Beetz and Mankin were acting in their Official Capacity as Phoenix Police Officers when they committed the excessive force assaults on plaintiff that amounted to Fourth Amendment "unreasonable seizure" violations pursuant to the United States Constitution.

(9)

## XXIX

That on September, 17th, 2014, while on duty as Phoenix Police Officer's "both" Officer Bertz and Officer Mankin "were acting in their Individual Capacity" as Phoenix Police Officer's when they committed the excessive force assaults on plaintiff that amounted to Fourth Amendment "unreasonable seizure" violations pursuant to the United States Constitution.

## XXX

That on September, 17th, 2014, while on duty as Phoenix Police Officer's "both" Officer Bertz and Officer Mankin were acting under "Color Of State Law" as Phoenix Police Officer's when they committed the excessive force assaults on plaintiff that amounted to Fourth Amendment "unreasonable seizure" violations pursuant to the United States Constitution

## XXXI

That defendant Smith who initially chased plaintiff and took plaintiff to the ground deemed himself

(10)

complicit and an accessory to the "UNREASONABLE SEIZURE" of plaintiff on September, 17th, 2014 by Officer Beetz and Officer Mankin who assaulted plaintiff in violation of plaintiff's Fourth Amendment of the United States Constitution.

## XXXII

That defendant Officer Smith deemed himself complicit and an accessory to the acts and actions of defendant(s) Beetz and Mankin by not filing a Dept. Incident Report about his colleague's assaultive acts against plaintiff on September, 17th, 2014.

## XXXIII

That defendant Smith "KNEW" that his defendant(s) colleague's actions against plaintiff that September, 17th, 2014 out in the field violated Phoenix Police Dept. Policy's and Rules on "Conduct".

## XXXIV

That defendant Smith, by his "act of concealment and failing to Report his colleague's actions on that 17th day of September, 2014 deemed himself "an Actor" complicit in the unreasonable seizure of plaintiff in violation of his Fourth Amendment United States Constitutional right.

## XXXV

That on September 17th, 2014, defendant Smith while concealing and failing to Report the actions/acts of both defendant(s) Beetz and Mankin, was at all times acting under Color of State Law.

## XXXVI

That on September 17th, 2014, defendant Smith while concealing and failing to Report the actions/acts of both defendant(s) Beetz and Mankin, Was at all times acting in his Official and Individual Capacity.

(12.)

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

Plaintiff seeks $200,000.00 in Compensatory Damages "combined" from defendant's Beetz, Mankin and Smith for Pain and Suffering and Emotional Harm to plaintiff where plaintiff's now developed a Phobia against Peace Officers.
Plaintiff also seeks $150,000.00 in Punitive Damages where plaintiff was deliberately, maliciously, and intentionally Assaulted by Officer Beetz, Officer Mankin and Officer Smith" by his concealment and complicit behavior" without provocation from plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August, 25th, 2015

DATE

Dennis Hernandez

SIGNATURE OF PLAINTIFF
( DENNIS HERNANDEZ )

Inmate " James R. Hunter " # D38313

(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____

(Signature of attorney, if any)

_____
_____
_____

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.